```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - -X
COREY JEMINE, BATOOL BIBI, CARL
DARNLEY, and ASGHAR MUHAMMAD on
behalf of themselves and other
similarly situated individuals,

                      Plaintiffs,

       - against -

RAVEN P.D. DENNIS, III and CAKE MAN
RAVEN,

                      Defendants.

- - - - - - - - - - - - - - - - - -X

ORDER

CV 2008-3072 (RRM)(MDG)

GO, United States Magistrate Judge:

    Plaintiffs Corey Jemine, Batool Bibi, Carl Darnley and Asghar Muhammad ("plaintiffs") bring this action against defendants Raven P.D. Dennis, III and Cake Man Raven ("defendants") pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 et seq., as a putative collective action by employees of defendants. Plaintiffs contend that they have been denied overtime compensation as required by the FLSA. The parties have reached an agreement on a proposed notice to be sent to current and former employees of defendants except as to the temporal scope of the notice. At a conference held on March 6, 2009, I ruled that notice may be sent to employees working after the commencement of the action but reserved decision on whether the notice may extend to six years before commencement. See minute entry dated 3/6/09.

DISCUSSION

Besides asserting claims under the FLSA, plaintiffs also seek relief under New York state labor law, which provides for a six year statute of limitations. See N.Y. Labor Law § 198(3). Such claims may be certified as a class action in federal court as part of a FLSA collective action. However, under New York law, a plaintiff may not seek statutory liquidated or punitive damages on behalf of a class unless the statute explicitly authorizes class actions. See N.Y.C.P.L.R. § 901(b). Since New York labor law provides for liquidated damages but does not explicitly authorize class actions, plaintiffs may not seek liquidated damages under the statute through a class action. Instead, individuals with New York labor law claims may opt out of the class action and pursue individual actions for statutory damages. See Guzman v. VLM, Inc., No. 07-CV-1126, 2007 WL 2994278, at *5 (E.D.N.Y. Oct. 11, 2007); Mascol v. E & L Transp., Inc., No. CV-03-3343, 2005 WL 1541045, at *8 (E.D.N.Y. June 29, 2005); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 94-95 (S.D.N.Y. 2001).

In cases involving both FLSA and New York state labor law claims, some courts have limited notice to similarly situated employees who worked for the defendant during the preceding three years. See, e.g., Summa v. Hofstra Univ., No. CV 07-3307, 2008 WL 3852160, at *6 (E.D.N.Y. Aug. 14, 2008); Suarez v. S & A Painting & Renovation Corp., No. 08-CV-2984, 2008 WL 5054201, at *3 & n.4 (E.D.N.Y. Nov. 21, 2008); Sobczak v. AWL Industries

Inc., 540 F. Supp. 2d 354, 364-65 (E.D.N.Y. 2007); Legrand v. Educ. Mgmt. Corp., No. 03 Civ. 9798, 2004 WL 1962076, at *3 (S.D.N.Y. Sept. 2, 2004). Other courts have authorized notice to employees who worked for the defendant in the past six years even though the plaintiffs had not yet moved to certify a class. See, e.g., Guzman, 2007 WL 2994278, at *6; Wraga v. Marble Lite, Inc., No. 05-CV-5038, 2006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006); Sipas v. Sammy's Fish Box, Inc., No. 05 Civ. 10319, 2006 WL 1084556, at *3 (S.D.N.Y. Apr. 24, 2006); Harrington v. Educ. Mgmt. Corp., No. 02 Civ. 0787, 2002 U.S. Dist. LEXIS 10966, at *5 (S.D.N.Y. June 19, 2002); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 308 & n.4 (S.D.N.Y. 1998). As many courts have held, where FLSA claims are time barred, the exercise of supplemental jurisdiction over New York labor claims involving the same conduct as the FLSA claims is proper. At this juncture, the Court need not determine whether plaintiffs have valid claims under federal or state law,[1] or both, or whether a class action under New York law is maintainable.

However, the notice sent to putative plaintiffs should clearly distinguish between the time periods applicable to the federal law claim and the New York law claim and explain that plaintiffs may have claims under the FLSA if they worked more

---

[1] For example, the failure to post a notice explaining the FLSA's requirements equitably tolls the statute of limitations until an employee has actual notice of his rights under the FLSA. See Sipas, 2006 WL 1084556, at *3 n.4; see also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007); 29 C.F.R. § 516.4.

than forty hours per week during the last three years and/or claims under New York law if they worked more than forty hours per week or more than 10 hours per day during the last six years. The notice should further advise that failing to file a consent form affects only the FLSA portion of the case. Relatedly, the notice should provide that only the employees who worked for some time during the last three years may join the collective action. Finally, the notice should provide that those plaintiffs who have claims under New York law and join the collective action may waive their right to liquidated damages under New York state law and that they may want to contact plaintiffs' counsel or another attorney.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for approval of a collective action notice under the FLSA is granted. The parties are directed to submit a proposed notice which complies with this order by April 3, 2009.

**SO ORDERED.**

Dated:  Brooklyn, New York
        March 26, 2009

                                    ____/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE