<u>MINUTE ORDER</u>

**Jemine, et al. v. Cake Man Raven, Inc., et al.**, 08cv3072
**(RRM)(MDG)**

This order recapitulates a ruling made on the record at a conference on October 1, 2009 denying defendants' motion for a protective order to restrain plaintiffs from disseminating discovery materials or making statements to reporters. <u>See</u> ct. doc. 34.[1]

This Court finds that defendants have not made a sufficient showing to impose a gag order on plaintiffs' counsel. Prior restraints on pretrial publicity are permissible only upon evidence that: (1) "the nature and extent of pretrial news coverage" would impair the defendant's right to a fair trial; (2) "other measures would be [un]likely to mitigate the effects of unrestrained pretrial publicity;" and (3) "a restraining order would [effectively] operate to prevent the threatened danger." <u>Neb. Press Ass'n v. Stuart</u>, 427 U.S. 539, 562 (1976); <u>see also</u> <u>United States v. Salameh</u>, 992 F.2d 445, 446-47 (2d Cir. 1993). Where a gag order is sought against an attorney, the defendant must show that the attorney's actions present a "substantial likelihood of materially prejudicing an adjudicative proceeding." <u>Gentile v. State Bar of Nev.</u>, 501 U.S. 1030, 1075 (1991); <u>see also</u> <u>Salameh</u>, 992 F.2d at 446-47.

In their one-page letter motion, defendants point to a recent article published in the New York Times indicating that plaintiffs' counsel discussed this action with a reporter and provided a copy of the transcript of the deposition of defendant Raven Dennis, portions of which were quoted in an article. Defendants argue that the article and any future actions contemplated by plaintiffs' counsel will taint the jury pool. However, other than providing this article and pointing to a prior article, defendants have provided no evidence that pretrial publicity has been prejudicial or that any action contemplated in the future will compromise defendants' right to a fair trial. From this Court's review of the article and other descriptions of the nature and extent of the media coverage thus far, I do not find evidence of possible jury taint, particularly since discovery has not yet been completed and a trial scheduled. Although Mr. Dennis may be a person of interest to the press and general public, the mere reporting of this case in one or two articles, does not constitute evidence that the impartiality of prospective jurors has been affected. Likewise, I cannot find on

---

[1] Defendants mistakenly filed the motion as a motion to intervene.

this record a danger that defendants' rights to a fair jury trial will be impaired by other pretrial publicity.

Nor have defendants demonstrated that plaintiffs' counsel violated any ethical rules.  Rule 3.6 of the New York State Rules of Professional Conduct prohibits attorneys from making statements that will have a "substantial likelihood of materially prejudicing" a trial.  As discussed, defendants have not presented any evidence that plaintiffs' counsel has made statements that are materially prejudicial.

Thus, defendants' motion for a gag order is denied without prejudice.

However, the parties are directed to comply with the requirements of Rule 5.2 of the Federal Rules of Civil Procedure if they provide information to non-parties which may later be publicly disclosed.  In addition, the Court recognizes that there may be other information revealed in this litigation in which the plaintiffs or defendants may have a privacy interest, such as the parties' income, finances and addresses beyond the limited information in Rule 5.2.  The parties should promptly confer on the whether a confidentiality order may be appropriate to protect such personal information disclosed in discovery.

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 2, 2009

                                    _____/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE