UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
COREY JEMINE, et al.,

                Plaintiffs,

         - against -

RAVEN P.D. DENNIS, III, individually and
d/b/a CAKE MAN RAVEN CONFECTIONARY,
CAKE MAN RAVEN, INC. d/b/a CAKE MAN
RAVEN CONFECTIONARY and CAKEVILLE
USA CORP.,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
08-CV-3072 (RRM) (MDG)

ROSLYNN R. MAUSKOPF, United States District Judge.

       On July 28, 2008, plaintiff employees commenced this against their employer, Raven P.D. Dennis, III, individually and d/b/a Cake Man Raven Confectionery and Cake Man Confectionery, Cake Man Raven Inc., f/k/a and d/b/a Cake Man Raven Confectionery and Cake Man Confectionery, and Cakeville USA Corp. (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL" or "Labor Law"). (Compl. (Doc. No. 1); Amended Compl. (Doc. No. 37).) On August 27, 2010, the Court entered default against all defendants as to liability, based on defendants' repeated failure to adequately participate in the case.[1] (Order Adopting Report and Recommendation (Doc. No. 47).) The Court thereafter referred the case to Magistrate Judge Marilyn D. Go for a report and recommendation as to damages. (*Id.*; Order dated Nov. 12, 2010.)

       On October 14, 2010, plaintiffs filed a motion for damages with a memorandum of law and supporting affidavits and exhibits. (Doc. No. 52.) Defendants filed a response to plaintiff's motion

---

[1] Defendants were uncooperative in the course of discovery and settlement discussions; the Magistrate Judge ultimately granted a motion to withdraw made by defendants' counsel, based on his clients purported failure to respond to the attorney's almost daily communications and to pay his fees; and defendants failed to appear at several scheduled conferences before the Magistrate Judge in this case. (Report & Recommendation (Doc. No. 46) at 2–4.)

on December 28, 2010, but did not provide any evidentiary support. (Doc. No. 60.) Plaintiff's filed a reply on January 4, 2011. (Doc. No. 61.) Magistrate Judge Go held oral argument on September 30, 2011, which was attended by counsel for both plaintiffs and defendants. (*See* Minute Entry for Proceedings held 9/30/2011.) On September 11, 2012, Judge Go issued a report and recommendation ("the R&R"). (Doc. No. 65.)

Judge Go recommends that plaintiffs[2] be awarded damages of $316, 862.91 against the defendants as follows: (1) damages for unpaid wages, overtime pay and liquidated damages under the FLSA and the New York Labor Law in the total amount of $225,277.06; (2) prejudgment interest of $36,798.85 to plaintiffs and at the rate of $16.35 per day from October 1, 2012 until entry of judgment; (3) attorneys' fees of $53,375.75; and (4) costs of $1,411.25. (R&R at 51–52.) Judge Go breaks out the awards by plaintiff in Appendix A to the R&R. (Doc. No. 65-1.) Objections to the R&R were due on or before September 28, 2012, and defendants timely filed objections to the R&R on that day. (Doc. No. 66.)

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to an R&R, "the court is required to conduct a *de novo* review of the contested sections." *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, where objections consist of "conclusory or general arguments, or simply reiterate[] the original arguments," or are merely an "attempt to engage the district court in rehashing of the same arguments set forth in the original petition," the Court reviews for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

The objections filed here are not only reiterate the arguments made by defendants before the magistrate judge in opposition to the motion for default judgment and damages, they are identical –

---

[2] Plaintiffs James Hand, Elaine Li, Oludare Adeyeni, Reginald Grey and Tremayne Punter filed consent forms as plaintiffs, but did not file submissions to recover damages. (R&R at fn1.) No damages are awarded to these plaintiffs.

word for word, and even including the errors in numbering the relevant paragraphs. *Compare* Def. Objections to the R&R (Doc. No. 66) *with* Def. Response to Motion for Damages (Doc. No. 60). Indeed, it appears that defendants merely uploaded as objections the very document they submitted to the magistrate judge in opposition to plaintiffs' motion. As such, the Court reviews the R&R for clear error, and finding none other than with respect to a mathematical calculation,[3] adopts the R&R in its entirety.

## CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's motion for default judgment and damages (Doc. No. 42) is GRANTED. Judgment shall enter against Raven P.D. Dennis, III, individually and d/b/a Cake Man Raven Confectionery and Cake Man Confectionery, Cake Man Raven Inc., f/k/a and d/b/a Cake Man Raven Confectionery and Cake Man Confectionery, and Cakeville USA Corp. in total amounts as follows: (1) damages for unpaid wages, overtime pay and liquidated damages under the FLSA and the New York Labor Law in the total amount of $225,731.99; (2) prejudgment interest of $37,454.41 to plaintiffs and at the rate of $16.69 per day from October 1, 2012 until entry of judgment; (3) attorneys' fees of $53,375.75; and (4) costs of $1,411.25. The total award shall be broken down in favor of each plaintiff as reflected in Appendix A to the magistrate judge's R&R (Doc. No. 65-1) as modified herein.

---

[3] The Court has adjusted the final award reflected in Appendix A of the R&R (Doc. No. 65-1) for three minor calculation errors. Regular wages owed for Cherone Cook are $1,400 higher. ($8.75/hr x 40hrs x 42 wks = $14,700, not $13,300. $14,700 – the amount he was paid ($8,385 + $4,328.50) = $1,986.50. *See* R&R at 24–25.) Cherone Cook's overtime wages are $301.88 higher. (5.75hrs x $13.125 x 42wks = $3,169.69, not $2,867.81. *See* R&R at 24.) Carl Darnley's overtime wages are $862.30 lower. ($12,699.80 + $18,066.30 = $30,765.84, not $31,766.10. Overtime wages owed = ($71.15/wk x 52wks) + ($79.05/wk x 66wks) = $8,917.10. *See* R&R at 27–29.) When the changes are factored into the interest and liquidated damages calculations, in the same way that Judge Go did them, the following chart reflects the proper figures for plaintiffs Cook and Darnley, as well as the totals. Appendix A of the R&R is hereby amended a follows in accordance with these adjustments:

| Plaintiff | OT / Wages Owed | Interest Owed | NYLL Lq. D. | FLSA Lq. D. | Total Owed |
|---|---|---|---|---|---|
| Cherone Cook | $3,169.69/$1,986.50 | $910.50 | $1,289.05 | $3,169.69 | $10,525.43 |
| Carl Darnley | $8,917.10/$21,849.00 | $10,580.57 | $7,691.53 | $8,917.10 | $57,955.30 |
| Total | $69,655.14/$60,760.50 | $37,454.41 | $32,603.91 | $62,712.44 | $263,186.40 |

The Clerk of Court is directed to enter judgment accordingly. As this Order disposes of all parties and claims, the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge